**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ROGER L. HAYNES,
                    Appellant,

            v.

RAILROAD RETIREMENT BOARD,
                    Agency.

DOCKET NUMBER
DE-3443-14-0186-I-1

DATE: October 8, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Roger L. Haynes, Wichita, Kansas, pro se.

Daniel J. Bartnicki, Chicago, Illinois, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his retirement benefits appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        Before delving into the specific facts of this case, we note by way of background that the Railroad Retirement Board (the agency or RRB) is an independent agency in the Federal government's executive branch. The agency's chief mission is to administer wide-ranging retirement, unemployment, and sickness benefit programs for the country's railroad employees and their families. If an employee is dissatisfied with an RRB decision made on his claim, he may seek reconsideration from the RRB office that made the decision. Should he not agree with the reconsideration decision, he may then appeal to the agency's Bureau of Hearings and Appeals. *See, e.g.*, *Chicago & Northwestern Railway Co. v. United States*, 453 F.2d 759, 760 (Ct. Cl. 1972).

¶3        It is apparently undisputed that the appellant, who was never a federal employee, worked in the railroad industry from October 1972 through September 1987, and in July 1988. Initial Appeal File (IAF), Tab 6 at 10, Tab 8 at 5. The agency found the appellant to be totally and permanently disabled. IAF, Tab 6 at 10. Thus, the appellant receives a monthly disability retirement annuity, pursuant to the Railroad Retirement Act of 1974, 45 U.S.C. §§ 231 *et seq.* (RRA), in the amount determined by the agency. *Id.* at 10-14. The

appellant requested that the agency reconsider his monthly payment amount, which it had previously calculated in September 2013. IAF, Tab 1 at 4, 9. The agency denied the appellant's request as untimely. *Id.* at 9.

¶4      On February 3, 2014, the appellant filed an initial appeal, essentially arguing that his disability retirement annuity should be reconsidered, despite the untimeliness of his request, because he "did not see the appeal rights on the back" of the agency's decision letter. *Id*. at 4. The administrative judge's February 7, 2014 order advised the appellant of his burden to establish that the Board has jurisdiction over his retirement benefits appeal. IAF, Tab 2 at 2-3. The agency filed a motion to dismiss, arguing that the appellant was not a federal employee and that the Board lacks jurisdiction over administrative decisions made pursuant to the RRA. IAF, Tab 6 at 4, 7-9. In response, the appellant admitted that he had "never been a federal employee." IAF, Tab 8 at 5. But, the appellant seemed to argue that this was because the agency discriminated against him by refusing to "let [him] apply for a federal job" or "work as a[n] apprentice" at the agency. *Id.*

¶5      The administrative judge dismissed the appeal for lack of jurisdiction, without holding the requested hearing. IAF, Tab 9, Initial Decision (ID). He found no statute or regulation that might serve as the basis for Board jurisdiction over a decision under the RRA. ID at 4-6. He did not address the appellant's claim of discrimination in his nonselection for employment at the agency.

¶6      The appellant has filed a timely petition for review. Petition for Review (PFR) File, Tab 1. He argues that: (1) he should have been receiving a supplemental annuity based on hardship; and (2) the agency discriminated against him by denying him employment on the basis of his status as permanently disabled.[2] *See id*. The agency has responded to the petition for review. PFR File, Tab 5.

---

[2] Although the administrative judge did not address, in his initial decision, the appellant's claim of discrimination in his nonselection for employment at the agency,

¶7      The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The appellant has the burden of proving, by preponderant evidence, that his appeal is within the Board's jurisdiction. 5 C.F.R. § 1201.56(a)(2)(i). However, the appellant has failed to offer any law, rule, or regulation that provides for Board jurisdiction over appeals from the agency's decisions regarding RRA retirement benefits for private railroad industry employees, and we are aware of none.

¶8      The Board has jurisdiction over retirement appeals that qualify as determinations affecting the rights or interests of an individual under the Civil Service Retirement System and the Federal Employees' Retirement System. 5 C.F.R § 1201.3(a)(2) (citing 5 U.S.C. §§ 8347(d)(1)-(2), 8461(e)(1); 5 U.S.C. § 8331 note; 5 C.F.R. Parts 831, 839, 842, 844, 846). The RRA, on the other hand, does not provide for Board review of the agency's decisions. *See* 45 U.S.C. § 231g (providing for judicial review consistent with the Railroad Unemployment Insurance Act (RUIA), located at 45 U.S.C. §§ 351-69); 45 U.S.C. § 355(f) (providing only the federal courts of appeals with authority to review agency decisions under the RUIA). As a result, the Board lacks jurisdiction over retirement benefits administered pursuant to the RRA. *Cf. McBurney v. Office of Personnel Management*, 39 M.S.P.R. 126, 131 n.3 (1988) (finding that the Board lacks jurisdiction over benefits administered by the Railroad Retirement System). Therefore, we agree with the administrative judge that the Board lacks jurisdiction over the appellant's retirement benefit appeal.[3]

---

the appellant nonetheless raised the argument below. Thus, the Board may consider this argument on review.

[3] To the extent that the administrative judge's jurisdictional order was deficient, this deficiency was cured by the agency's response, IAF, Tab 6, and the initial decision itself, ID at 3-6, such that the appellant was on notice as to what he must do to address his retirement benefit claim on petition for review. *See, e.g.*, *Fleming v. Department of Labor*, 97 M.S.P.R. 341, ¶ 9 (2004) (finding that the appellant received an opportunity to meet his jurisdictional burden on petition for review because the initial decision

¶9      Similarly, the appellant has failed to nonfrivolously allege Board jurisdiction over his claim of disability discrimination in his nonselection for employment at the agency. "An agency's failure to select an applicant for a vacant position is generally not appealable to the Board." *Prewitt v. Merit Systems Protection Board*, 133 F.3d 885, 886 (Fed. Cir. 1998); *Diamond v. U.S. Postal Service*, 51 M.S.P.R. 448, 450 (1991) (holding that the Board lacked jurisdiction over an appellant's nonselection), *aff'd*, 972 F.2d 1353 (Fed. Cir. 1992) (Table). As such, "claims of unlawful conduct in the selection process ordinarily must be brought before other forums." *Prewitt*, 133 F.3d at 886. Therefore, we also find that the appellant failed to nonfrivolously allege Board jurisdiction over his claim of discrimination in his nonselection.[4]

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439 prejudicial

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff.

---

itself provided notice as to what he must have done to establish jurisdiction); *Nichols v. Department of the Interior*, 69 M.S.P.R. 386, 388–89 (1996) (determining that an administrative judge's failure to provide an appellant with proper jurisdictional notice was cured by the agency's pleadings).

[4] Because the Board lacks jurisdiction over the appellant's nonselection claim, the administrative judge's failure to address this claim in the initial decision did not prejudice the appellant's substantive rights, and thus, it provides no basis for reversal of the initial decision. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:              _____
                           William D. Spencer
                           Clerk of the Board

Washington, D.C.